**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**WE CARE COMMUNITY ECONOMIC
DEVELOPMENT CORP., INC.**                                                                **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 2:16-CV-125-KS-MTP**

**JEFFERSON DAVIS COUNTY TAX COLLECTOR, et al.**                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Amend [16] filed by Plaintiff We Care Community Economic Development Corp., Inc., and the Motion for Summary Judgment [9] filed by Defendant Jefferson Davis County, Mississippi.[1]  After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Amend [16] is not well taken and should be denied.  The Court further finds that the Motion for Summary Judgment [9] is well taken and should be granted and the case dismissed without prejudice.

**I.  BACKGROUND**

On August 19, 2016, Plaintiff We Care Community Economic Development Corp., Inc. ("Plaintiff") filed the current action against Defendants Jefferson Davis County, Mississippi (the "County"), and Prentiss, Mississippi, Tax Collector.  In its Complaint [1], Plaintiff asks for injunctive relief against a tax sale of certain property it owned in the County.  It is undisputed that this tax sale occurred on August 25, 2014.  (*See* Chancery Order [9-4].)

The County filed its Motion for Summary Judgment on September 26, 2016, arguing, *inter alia*, that the tax sale rendered the action moot.  Contemporaneously with its response to this motion, Plaintiff filed its Motion to Amend [16], requesting leave to amend its Complaint [1].

---

[1]Erroneously identified by Plaintiff as Jefferson Davis County Tax Collector.

## II.  MOTION TO AMEND [16]

Local Uniform Rule 15 states that, where leave of Court is required to amend a pleading, "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading."  Because Plaintiff has failed to meet this requirement, its Motion to Amend [16] will be **denied**.

## III.  MOTIONS FOR SUMMARY JUDGMENT [9]

### A.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.*  "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).  "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766

(5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In its Complaint [1], Plaintiff asks only for injunctive relief from the tax sale of the property at issue. It is undisputed that this tax sale had already occurred before this action was filed in this Court. (*See* Chancery Order [9-4].) It is "beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998). Plaintiff has shown no cause as to why this general rule should not apply in its case. Therefore, the Court must find that Plaintiff's request for injunctive relief has been rendered moot.

"If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). As mootness is a jurisdictional doctrine, the Court finds that the Motion for Summary Judgment [9] should be **granted** and the case **dismissed without prejudice**.[2]

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Amend [16] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Summary Judgment [9] is **granted**. The case will be **dismissed without prejudice**.

SO ORDERED AND ADJUDGED this the  7th  day of December, 2016.

---

[2]Plaintiff's claims are against both the County and an entity identified as "Prentiss, Mississippi Tax Collector." The Court is unsure whether such an entity exists separate from the County, but, to the extent it does, Plaintiff's request for injunctive relief is equally moot against it and will also be dismissed without prejudice.

                                                 s/Keith Starrett  
                                                 KEITH STARRETT  
                                                 UNITED STATES DISTRICT JUDGE